IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE VESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DALLAS, a municipal | § | |
| corporation, and BRAD ALAN COX | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | JURY DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

"Our mission is to prevent and suppress fires, educate and rescue citizens, provide emergency medical services, *promote public safety and foster community relations*."

--Dallas Fire Department Core Values and Mission Statement

"#showmemyopponent"

--Dallas Firefighter Brad Alan Cox's Instagram Bio

This case is about an abuse of power and a deliberate indifference to the life and welfare of the underprivileged in Dallas.

Defendant Cox abused his position of public trust as a firefighter and public servant when he took it upon himself to physically injure and subdue Plaintiff because he thought he was homeless, indigent, or a criminal suspect. It does not matter what Defendant Cox or even what Plaintiff's actual status was, because

Defendant Cox's actions violated Fire Department policy, the reasonable standards of any reasonable police officer or firefighter in his position, and the Constitutional right of every American, irrespective of their class or status, to be free from unreasonable seizures.

Under any standard, a well-placed, violent kick by a professional mixed martial artist to the side of a defenseless person's face who is already under the Dallas Police Department's custody and control constitutes unreasonable, excessive, and deadly force. Defendant Cox should be held accountable for his vicious attack on Plaintiff and the City of Dallas should be held accountable for continuing to employ Defendant Cox, despite his checkered past and apparent indifference to an individual's Constitutional rights.

## I.   PARTIES

1.   Plaintiff Kyle Vess is bringing claims to vindicate his civil rights under Section 1983 of the Civil Rights Act of 1871. Plaintiff is a resident of Ellis County, Texas.

2.   Defendant City of Dallas is an incorporated city in the State of Texas and may be served with process by serving the city mayor, clerk, secretary, or treasurer, all of whom are located at Dallas City Hall, 1500 Marilla Street, Dallas, Texas 75201.

3. On or before August 2, 2019, and at all relevant times, the Defendant, City of Dallas, a municipal corporation, maintained, as a division of said municipal corporation, a certain fire department, commonly referred to as the Dallas Fire Department.

4. Defendant Brad Alan Cox ("Cox") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas Fire Department. Defendant Cox may be served with process at his place of employment: Dallas Fire Station No. 36 located at 3241 North Hampton Road, Dallas, Texas 75212, or wherever he may be found within the jurisdiction of this Court.

## II.   JURISDICTION & VENUE

5. This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution against Defendants, City of Dallas and Firefighter Cox (in his individual capacity).

6. This Court has personal jurisdiction over each of the Defendants and "federal question" subject matter jurisdiction of the claims and causes of action alleged herein under 28 U.S.C. § 1331.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because the defendants reside or, at the time the events took place, formerly resided

in this judicial district, and the events giving rise to the claims asserted herein occurred in this District.

8. All conditions precedent to the filing of this action have either been performed or waived.

### III.   FACTS

9. On or about August 2, 2019, and at all relevant times, when Defendant Cox was engaging in the complained of conduct, he was acting under color of law, in the course of his employment with the Dallas Fire Department, and pursuant to a policy, custom, and/or usage of the City of Dallas Fire Department.

10. On Friday, August 2, 2019, Plaintiff Kyle Vess was walking near 2400 Lone Star Drive, Dallas Texas. At the time, Kyle suffered from the effects of both a mental disability and a previous traumatic brain injury. He was also not current on his medications that treated his medical conditions.

11. At or near the same location and at or around the same time, the Dallas Fire Department responded to an emergency call concerning a small grass fire on the side of the road. On information and belief, Defendant Cox saw Plaintiff near the location of the fire and suspected he was responsible for the fire. On information and belief, Defendant Cox and possibly other Dallas Fire Department personnel engaged Plaintiff to detain him while the Dallas Police Department was called to the scene. During this detention, Defendant Cox physically beat and subdued Plaintiff. On

information and belief, Defendant Cox thought that Plaintiff was homeless and indigent based on his appearance and demeanor.

12. On information and belief, Defendant Cox's actions were inconsistent with Dallas Fire Department policy and procedure because he did not wait for law enforcement to arrive and engage or otherwise handle the alleged suspect.

13. After the Dallas Police Department arrived on the scene, Plaintiff Vess was clearly subdued and lying on the ground on his back. Dallas police officers, Jessica Cuddy and Zachery Johnson, observed Plaintiff lying on the ground. At the time of their arrival, Plaintiff was clearly subdued and lying on his back. Officers Cuddy and Johnson had custodial detention of Plaintiff as he was surrounded entirely by Dallas Police Department, Dallas Fire Department and Dallas Sheriff's Department personnel. During this time, Defendant Cox stood over Plaintiff and verbally threatened and taunted Plaintiff telling him to "Get up again, get up again."

14. Plaintiff began to sit up from his lying position while facing away from the firefighter standing over his head. Defendant Cox's statements caused Plaintiff to look back over his right shoulder to Cox who, without warning, provocation, or reason, kicked the right side of Plaintiff's head with his steel-toed boot.

15. The force of the kick knocked Plaintiff back to the ground, but also caused his "fight or flight" instincts to engage and he jumped up to confront Defendant Cox. The Dallas Police officer standing next to Plaintiff during this

incident immediately incapacitated Plaintiff with a taser. Plaintiff was subsequently charged for assault on a public non-law enforcement officer. The incident report filed by the police in connection with the arrest and charge is materially false and misleading because it omits Defendant Cox's dangerous, reckless, and unprovoked kick to the side of Plaintiff's face, which caused a further and unnecessary escalation. Officer Cuddy's bodycam footage at the time clearly shows an individual on the ground sitting up and receiving an unprovoked and violent kick to the head, which prompted an escalation and eventual tasing.

16. As a result of Defendant Cox's actions, Plaintiff suffered a fractured orbital socket on his face, a fractured sinus, cracked teeth, and now suffers from facial paralysis on the right side of his face. The excessive kick to his face also caused significant further injury to his brain and has significantly worsened his mental condition and long-term prospects.

17. Defendant Cox is a trained mixed martial arts fighter and has engaged in several professional mixed martial arts fights. Defendant Cox coaches individuals in jiu jitsu and is fully aware of the danger that a forceful kick to the head can cause an individual. Defendant Cox's actions were deliberately indifferent to the safety and welfare of Plaintiff and constituted a clear and present danger to Plaintiff's life at the time of the kick. Indeed, Texas law considers the use of a trained fighter's

hands or feet as deadly weapons, and Defendant Cox's assault on Plaintiff constituted an aggravated assault on Plaintiff while under police custody.

18.     Defendant Cox is no stranger to violating the civil rights of individuals he suspects of being indigent, homeless, or mentally ill. Defendant Cox is also the Defendant in a pending civil rights case in this District styled *Kelson, et al. v. City of Dallas, et al.*, Case No. 3:18-cv-3308-L. In the *Kelson* case, Defendant Cox is being sued for engaging in deliberate indifference towards a homeless individual and failing to render aid while the individual was in police custody. Defendant Cox is alleged to have laughed at the injured and confused homeless individual, Hirschell Fletcher, instead of rendering aid and care.

19.     Defendant Cox was indicted in connection with the *Kelson* case for tampering with government evidence. Defendant Cox falsified a report to cover up his failure to render aid at the scene. The homeless man ultimately lost his life because of Defendant Cox's callous disregard for his well-being care. Defendant Cox ultimately agreed to plead guilty to the charge of falsifying a government report and was sentenced to 12 months of probation and a $500 fine on April 17, 2019. Defendant Cox was on probation when he committed the acts against Plaintiff that are the subject of this lawsuit.

20.     Defendant Cox's assault on Plaintiff constitutes a violation of his Conditions of Community Supervision because it was an aggravated assault with a

deadly weapon on an individual in police custody, a failure to work faithfully at his employment, a failure to treat all individuals appropriately in accordance with Dallas Fire Department Standard Operating Procedures, and a failure to adhere to all Dallas Fire Department Procedures and Protocols.

### IV.   COUNT 1 – VIOLATION OF 42 U.S.C. § 1983 – UNREASONABLE SEIZURE AND EXCESSIVE FORCE (Against Defendant Cox)

21.   Plaintiff repeats and incorporates the allegations of paragraphs one through twenty (1-20) as if fully pled and stated herein.

22.   This is an action for damages against Defendant Cox for the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

23.   At all times relevant hereto, Defendant Cox was acting under the color of state law and pursuant to the policy, custom, and/or usage of the City of Dallas Fire Department. Defendant Cox, through his actions described above, deprived Plaintiff of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable and unlawful seizures of his person. Defendant Cox's assault on Plaintiff was intentional, reckless, and deliberately indifferent to the welfare and safety of Plaintiff's health and life. At the time of Defendant Cox's strike to the head of Plaintiff, it was clearly established that a blow to the head of an individual that is subdued or otherwise custodially detained constitutes unreasonable

and excessive force. Indeed, a blow to the head with a deadly weapon is considered deadly force and under no circumstances was deadly force ever necessary or a reasonable option at the time of the attack on Plaintiff.

24. As a direct and proximate foreseeable result of the violations of Plaintiff's constitutional rights, including the rights guaranteed under the Fourth and Fourteenth Amendments, and the misconduct of Defendant Cox, as set forth above, Plaintiff suffered injuries, including being unreasonably seized and subjected to excessive force and aggravated assault, physical pain and suffering, mental pain and suffering, emotional distress, and disability.

25. As a result of Plaintiff's injuries, Plaintiff is entitled to recover all damages for violation of 42 U.S.C. § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

## V.    COUNT 2 – VIOLATION OF 42 U.S.C § 1983 – POLICY & CUSTOM
   (Against Defendant City of Dallas)

26. Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-five (1-25) as if fully pled and stated herein.

27. At all relevant times, the employees, agents, officers and/or firefighter paramedics of Defendant City of Dallas' Fire Department, including Defendant Cox, were acting under the color of state law and were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant City of

Dallas Fire Department. Defendant City of Dallas' policies, practices or customs were both deliberately indifferent to the constitutional rights of its citizens and were the moving force behind Plaintiff's injuries because they led directly to a reckless and dangerous individual being placed in a position of public trust, which was foreseeably abused.

28. Upon information and belief, Defendant City of Dallas Fire Department, including its agents, employees, officers, and/or firefighter paramedics, together with other City of Dallas policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices and/or policies:

    a.    maintaining a policy of inaction and an attitude of indifference towards providing medical treatment for mentally ill persons and homeless people in order to get them off the streets;

    b.    providing inadequate training regarding how to detain and treat mentally ill persons and homeless persons;

    c.    inadequately supervising, training, controlling, assigning, and disciplining City of Dallas Fire Department paramedics, including Defendant Cox, who Defendant City of Dallas knew, or in the exercise of reasonable care, should have known were committing such egregious acts. Specifically, Defendant City of Dallas had actual knowledge of Defendant Cox's careless and deliberately indifferent attitude towards indigent and homeless individuals as a result of his

actions as outlined in the *Kelson* case and his own criminal and disciplinary history at the Dallas Fire Department. Defendant City of Dallas' inadequate training, supervising, controlling, and disciplining of Defendant Cox was deliberately indifferent to the constitutional rights of others and was the moving force bearing a direct causal link to Defendant Cox's causing physical injury to Plaintiff as it was a highly predictable outcome given his history; and

      d.    implementing a *de facto* policy and/or custom of protection for previously disciplined personnel by refusing to terminate or separate from employment individuals unfit to serve as members of the Dallas Fire Department despite good cause for termination and the risk these individuals pose to the public.

29.    Defendant City of Dallas Fire Department had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having this knowledge, the Defendant City of Dallas condoned, tolerated, and through its own actions or inactions thereby ratified such policies. Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff.

30.    As a direct and proximate result of the Constitutional violations caused by the employees, agents, officers, and/or firefighter paramedics of the Defendant City of Dallas Fire Department, and other policy makers, Plaintiff suffered violations of his Constitutional rights guaranteed to him by the Fourth and Fourteenth

Amendments of the United States Constitution, and suffered severe physical and emotional injuries. As a result of Defendant Cox's and the City of Dallas Fire Department's actions or inactions, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations pursuant to 42 U.S.C. § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. §1983.

## VI.   COUNT 3 – EXEMPLARY DAMAGES
### (Against all Defendants)

31.   Because the actions and conduct of Defendants were taken with evil motive and intent or involve the reckless or callous disregard of, or indifference to, the federally protected rights and safety of Plaintiff and others, Plaintiff is entitled to exemplary and punitive damages from Defendants on account of Defendants' violation and deprivation of Plaintiff's constitutional and civil rights under color of law and in violation of 42 U.S.C. § 1983. Plaintiff requests that punitive and exemplary damages be imposed on each of the Defendants on account of such callous indifference to Plaintiff's civil rights and their malicious conduct, actions, and omissions. Under the circumstances, exemplary damages are appropriate because Defendants' conduct warrants punishment and deterrence.

## VII. REQUEST AND DEMAND FOR JURY TRIAL

32. Plaintiff hereby asserts his rights to a jury trial under the Seventh Amendment of the United States Constitution and hereby requests and demands a trial by jury on all claims, causes of action, other issues, and matters to which he is entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, awarding compensatory damages, special damages, economic damages, exemplary damages, attorney's fees, and all other and further relief to which they may be justly entitled.

DATED: July 29, 2021

        Respectfully submitted,

        SOMMERMAN, MCCAFFITY,
        QUESADA & GEISLER, L.L.P.

        */s/ Sean J. McCaffity*
        Sean J. McCaffity
        State Bar No. 24013122
        Jody L. Rodenberg
        State Bar No. 24073133
        3811 Turtle Creek Blvd., Suite 1400
        Dallas, Texas  75219-4461
        214-720-0720 (Telephone)
        214-720-0184 (Facsimile)
        SMcCaffity@textrial.com
        JRodenberg@texrial.com

        *ATTORNEYS FOR PLAINTIFFS*