IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KYLE VESS,                              §
                                        §
                  Plaintiff,            §
                                        §
VS.                                     §
                                        §        Civil Action No. 3:21-CV-1764-D
CITY OF DALLAS,                         §
a municipal corporation, and            §
BRAD ALAN COX,                          §
                                        §
                  Defendants.           §

MEMORANDUM OPINION
AND ORDER

        Defendant Brad Alan Cox ("Cox") moves to stay or limit discovery, and plaintiff Kyle

Vess ("Vess") cross moves to compel production of documents and discovery responses.  For

the following reasons, the court grants Cox's motion and denies Vess's motion.

                                        I

        Vess's operative pleading is his second amended complaint ("SAC").[*]  Cox has

answered the SAC, asserting, *inter alia*, the affirmative defense of qualified immunity.  Cox

now moves to stay or limit discovery based on that defense.  Vess opposes Cox's motion and

cross moves to compel discovery related to two discovery requests.

--------

        [*]A detailed recitation of the background facts and procedural history of this case can
be found in the court's prior memorandum opinion and order.  *See Vess v. City of Dallas*,
2022 WL 625080, at *1 (N.D. Tex. Mar. 3, 2022) (Fitzwater, J.).

II

Cox maintains that, to preserve the protections afforded by the defense of qualified immunity, he should not be obligated to respond to any discovery other than that which is necessary to determine the qualified immunity issue.  He therefore moves the court to grant him protection from all discovery, or, alternatively, to limit the discovery against him to that which is required to determine the immunity issue.

Vess complains that Cox is *already* failing to respond to discovery, even though the court has not yet granted his motion.  Vess also posits that the court should deny Cox's motion because Vess expects Cox to file a summary judgment motion, and Vess will need discovery before he can respond to the motion.  Vess also points to this court's scheduling order, which he contends does not contemplate any restrictions or limitations like those Cox is seeking, and he posits that "[b]ecause the Scheduling Order contains no such restrictions or limitations, Plaintiff is entitled to full and regular discovery in this case . . . ."  P. Resp. (ECF No. 38) at 4.  Finally, Vess maintains that he has included allegations in the SAC that are sufficient to show that Cox is not entitled to qualified immunity.

III

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).  In this circuit, it is established that "[d]iscovery . . . must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of

qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (emphasis in original); *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 481 (5th Cir.), *cert. denied*, 142 S. Ct. 564 (2021).

> [A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim."

*Backe*, 691 F.3d at 648 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)). Discovery of any kind "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks*, 41 F.3d at 994 (emphasis omitted); *Bonham v. Winn*, 2021 WL 1312634, at *1 (N.D. Tex. Apr. 8, 2021) (Fitzwater, J.).

Cox recently filed a motion for judgment on the pleadings. This motion, which will soon be ripe, will afford the court an opportunity to determine whether Vess's "pleadings assert facts which, if true, would overcome the defense of qualified immunity." *See Wicks*, 41 F.3d at 994. But because the court has not yet determined whether Vess has alleged sufficient facts in the SAC to overcome qualified immunity, discovery in this case—even limited discovery—must be stayed. *See Hutcheson*, 994 F.3d at 481 ("Before limited discovery is permitted, a plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense."); *Walker v. Wilburn*, 2013 WL 6728070, at *2 (N.D. Tex.

- 3 -

Dec. 20, 2013) (Fitzwater, C.J.) ("At this juncture, the court has not completed the first step of the process required for discovery to commence."); *Rhodes v. Prince*, 2006 WL 954023, at *1 (N.D. Tex. Apr. 11, 2006) (Fitzwater, J.) ("The decision whether to allow discovery must therefore await the magistrate judge's assessment of whether plaintiff's Rule 7(a) reply is sufficient of itself to overcome defendants' claims of qualified immunity . . . ."); *see also Aragona v. Berry*, 2011 WL 816812, at *2 (N.D. Tex. Mar. 9, 2011) (Ramirez, J.) ("[A]llowing even limited discovery on the qualified immunity issue would be premature at this time . . . . A stay of discovery is therefore appropriate pending determination of the motion to dismiss."); *Schanzle v. Haberman*, 2019 WL 3220007, at *2 (W.D. Tex. July 17, 2019).

IV

Because the court is staying discovery, it denies Vess' motion to compel.  It is not controlling that the court's previous scheduling order did not mention limitations on discovery.  This court rarely exercises its discretion to impose such limitations in a scheduling order.  *See EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) ("[A] trial court enjoys wide discretion in determining the scope and effect of discovery." (internal quotation marks omitted)).  And when it does, it is usually because the parties have requested or suggested such a limitation.  Furthermore, to the extent Vess cross moves for relief based on complaints about Cox's failure to respond to discovery requests, the court holds that Vess's request is moot because the court has granted Cox's motion to stay or limit discovery.

- 4 -

\*   \*   \*

Accordingly, for the reasons explained, the court grants Cox's motion to stay or limit discovery and denies Vess's cross-motion to compel discovery.

**SO ORDERED**.

May 10, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE